UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KELSEY DUANE BRAGG, ) | |
| ) | |
| Petitioner-Defendant, ) | |
| ) | |
| v. ) | Case No. 19-40080-2 |
| ) | 22-cv-4003 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff. ) | |

### ORDER

**SARA DARROW, Chief U.S. District Judge:**

Now before the Court is Petitioner Kelsey Duane Bragg's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (d/e 102). Bragg pled guilty to robbery and firearm possession charges. He now argues he is actually innocent of the firearm charge and that his counsel provided ineffective assistance throughout his criminal proceedings. For the reasons below, the Court DENIES Bragg's § 2255 motion (d/e 102), and DECLINES to issue a certificate of appealability.

### I. BACKGROUND

Bragg was a member of a robbery crew that robbed drug dealers in the Quad City area between roughly October 2017 and November 2019. In March 2020, a grand jury charged Bragg and two co-defendants in a superseding indictment with Conspiracy to Commit Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count One); Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Two); and Possession of Firearms in

Furtherance of Robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Three).  *See* Superseding Indictment (d/e 24).

Bragg appeared before Magistrate Judge Jonathan E. Hawley on August 24, 2020, for a change of plea hearing.  *See* Minute Entry Aug. 24, 2020.  No written plea agreement was filed.  P.Tr. (d/e 104) at 2.  Bragg was placed under oath and affirmed that he had sufficient time to discuss the case with his counsel and that he was fully satisfied with his counsel's representation.  *Id.* at 6-7.  Bragg affirmed that he had discussed the superseding indictment and the case generally with his counsel and that he understood the charges in the superseding indictment.  *Id.* at 7-8.  The government then explained the essential elements of the offenses.  *Id.* at 9.  Specifically, with regard to Count Three, possession of a firearm in furtherance of a crime of violence, the government stated that:

> There are two elements: One, that the defendant committed the crime of robbery as charged in the indictment; and, two, that the defendant knowingly possessed a firearm, and that the defendant's possession of the firearm was in furtherance of the crime of robbery, or that the defendant had advance knowledge that another participant would possess a firearm during and in relation to the robbery, and that the defendant, having that knowledge, intentionally facilitated the robbery.

*Id.* at 9-10.  Bragg affirmed that he understood the essential elements of all three offenses.  *Id.* at 10.

The government then went over the potential penalties under statute for each offense.  Judge Hawley clarified that there was a ten-year mandatory minimum for Count Three "because it is alleged in the indictment that the firearm that's alleged to have been possessed or used in furtherance was discharged."  P.Tr. (d/e 104) at 11.  Bragg and his counsel affirmed that they understood the statutory maximum and minimum penalties.  *Id.* at 12.  Judge Hawley went over the consequences of pleading guilty and the rights that Bragg would be giving up, and Bragg

affirmed that he understood. *Id.* at 12-17. Judge Hawley explained how sentencing would work, including the advisory sentencing guidelines. *Id.* at 18-19.

The government provided a factual basis for Bragg's plea. This factual basis included that during the robbery charged in a Count Two: Bragg drove the getaway car and was in possession of a firearm; Bragg's co-defendant also possessed a firearm, and put it in the victim's face and shoved her to the floor; and another co-conspirator, who possessed a firearm, accosted another victim, pointing the gun at her, and, during a struggle, the firearm discharged. *Id.* at 21-22. Bragg's counsel acknowledged that the government would be able to present that evidence at a trial. *Id.* Bragg agreed that the factual information provided by the government was accurate and that he had done the conduct detailed in the government's summary. *Id.*

Bragg acknowledged that no one had forced him to plead guilty nor made any promises to him to induce him to plead guilty. P.Tr. (d/e 104) at 25. Bragg admitted that he was pleading guilty because he was, in fact, guilty of each of the counts in the superseding indictment. *Id.* Judge Hawley then found a factual basis for the plea, and stated he would recommend to the Court that the plea be accepted. *Id.* at 27. The Report and Recommendation (d/e 46) was filed on August 24, 2020. The Court accepted the plea and adjudicated Bragg guilty on September 15, 2020.

The United States Probation Office prepared a Presentence Investigation Report (PSR). *See* PSR (d/e 65). At sentencing on February 16, 2021, the Court noted, and the parties agreed, that the sentencing guidelines range in the original PSR was not correct. S.Tr. (d/e 74) at 3-8. Typographical errors were also corrected. *Id.* at 8-9. Bragg's counsel raised an objection to the revised PSR, arguing that Bragg should not be deemed a career offender because his prior drug offense conviction was not a valid predicate. However, as his counsel acknowledged, the

Seventh Circuit's decision in *United States v. Ruth,* 966 F.3d 642 (7th Cir. 2020), foreclosed this argument. *Id.* at 11-12. No other objections were raised. Accordingly, the Court found that the corrected advisory sentencing guideline range was 271 to 308 months of imprisonment, based on a total offense level of 29 and a criminal history category of VI. *Id.* at 13.

The parties then presented their commentary on sentencing. The government argued for a sentence in the middle of the guideline range, citing, in large part, the violent nature of the offenses. The government, however, acknowledged that Bragg was not the leader of the group and third from the top as far as culpability in the four-person conspiracy. S.Tr. (d/e 74) at 15-26. Bragg's counsel asked the Court for a below guidelines sentence, noting his young age, family support, and reading disability, as well as other mitigating factors. *Id.* at 28-34. Bragg's counsel also highlighted the concern of sentencing disparities. Bragg made a statement, and his mother testified on his behalf as well.

The Court considered the sentencing guidelines range and found the career offender designation inappropriate in Bragg's case for various reasons. The Court sentenced Bragg to a total of 190 months of imprisonment, consisting of 70 months on Counts One and Two, and 120 months on Count Three. *Id.* at 47-52. The written judgment (d/e 61) was entered on February 17, 2021. Bragg did not file a direct appeal.

Bragg filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 102) on January 6, 2022. Bragg argues that he is actually innocent of the § 924(c) conviction (Count Three) because the government failed to prove "active employment of the firearm" and he argues that the indictment was insufficient. Bragg also claims his counsel was ineffective because he failed to raise those two issues, because he failed to file any pre-trial motions or request a bill of particulars, and because he failed to file a notice of appeal to address

the "complex issues." The government has filed a response (d/e 107) opposing relief, and Bragg has filed a reply (d/e 111). After careful consideration, this Order now follows.

## II. LEGAL STANDARD

Section 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to request that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted).

## III. DISCUSSION

### A. Bragg's Stand Alone Claims are Procedurally Defaulted.

While the Court reads Bragg's Motion as primarily faulting his counsel for not raising the issues he now identifies, Bragg also appears to bring two claims as independent grounds for relief: in ground one Bragg argues that he is actually innocent of his § 924(c) conviction (Count Three) because the government did not prove the "use and carry prong," and, in ground four, he argues that the indictment does not charge an offense against the United States because it lacks a *mens rea*. Bragg did not raise these arguments during his criminal proceedings or on a direct appeal, so they are procedurally defaulted. A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States,* 51 F.3d 693, 698 (7th Cir.1995). Claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal. *Coleman*

*v. United States,* 318 F.3d 754, 760 (7th Cir. 2003); *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).  A petitioner must show cause and prejudice or actual innocence to excuse his procedural default.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).  To show "cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Theodorou v. United States*, 887 F.2d 1336, 1340 (7th Cir. 1989)).  To show "actual innocence" a petitioner must demonstrate "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623; *Sawyer v. Whitley*, 505 U.S. 333, 340, 112 S. Ct. 2514, 2519 (1992) ("A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime.").

    Here, while Bragg uses the words "actual innocence," his claim rests on legal insufficiency, not factual.  Moreover, to the extent Bragg wants to bring these claims independent of his ineffective assistance of counsel claims, he has not alleged any cause for failing to bring them earlier.  Accordingly, as independent claims of relief, his grounds one and four are dismissed as procedurally defaulted.

    **B. Bragg Has Not Shown that his Counsel Provided Ineffective Assistance.**

    The bulk of Bragg's § 2255 Motion concerns his belief that his counsel provided ineffective assistance, which is properly raised in a collateral attack.  *See Massaro v. United States,* 538 U.S. 500, 509 (2003).  The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984).  Under *Strickland's* two-part test, a petitioner must show both that his counsel's performance was

deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991). Here, Bragg raises various claims that his counsel was ineffective, but the Court finds that he has neither shown deficient conduct nor prejudice on any of his claims.

    1. Bragg is Not Actually Innocent of Count Three.

    Bragg argues that the government was required to prove "active employment of the firearm" for his § 924(c) conviction, and that counsel was ineffective for failing to raise this issue. Bragg misunderstands the law. Specifically, Bragg relies on *Bailey v. United States*, 516 U.S. 137 (1995), which requires proof of "active employment of the firearm." In *Bailey*, the Supreme Court held "that § 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Bailey*, 516 U.S. at 143. However, *Bailey* has since been superseded by statute, which now makes clear that possession is covered as well. *See Welch v. United States*, 578 U.S. 120, 133 (2016) (describing how Congress later reversed Bailey by amending the § 924(c) statute to cover possession as well as use). Section 924(c)(1) now provides for additional penalties when "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, *or who, in furtherance of any such crime, possesses a firearm*." 18 U.S.C. § 924(c)(1) (emphasis added). Accordingly, Bragg

is wrong that the government needed to prove "active employment of the firearm" and his counsel was not ineffective for failing to raise this claim.

Moreover, at the change of plea hearing Bragg affirmed that he understood the essential elements of Count Three.  *See* P.Tr. (d/e 104) at 9-10 ("There are two elements: One, that the defendant committed the crime of robbery as charged in the indictment; and, two, that the defendant knowingly possessed a firearm, and that the defendant's possession of the firearm was in furtherance of the crime of robbery, or that the defendant had advance knowledge that another participant would possess a firearm during and in relation to the robbery, and that the defendant, having that knowledge, intentionally facilitated the robbery.").  Bragg further heard the government recite the evidence it would present at trial, which included evidence that Bragg committed the crime of robbery as charged in Count Two (which Bragg does not contest here), as well as specific evidence regarding the firearms possessed and used during that robbery: Bragg drove the getaway car and was in possession of a firearm; Bragg's co-defendant also possessed a firearm and put it in the victim's face and shoved her to the floor; and another co-conspirator, who possessed a firearm, accosted another victim, pointing the gun at her, and, during a struggle, the firearm discharged.  *Id.* at 21-22.  Bragg agreed that this was an accurate summary of his conduct.  *Id.* at 24.  The Court is generally permitted to rely on Bragg's representations at his plea hearing.  *See Thompson v. United States*, 732 F.3d 826, 829-30 (7th Cir. 2013); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  And, the conduct Bragg agreed that he committed was sufficient to meet the essential elements of Count Three.  Accordingly, Bragg's counsel was not ineffective for failing to raise this meritless argument.

### 2. Bragg's Indictment Was Legally Sufficient.

Next, Bragg argues that the indictment was insufficient because the phrase "aids, abets, counsel, commands, induces, and procures" was not included. Bragg complains that the aiding and abetting statute, 18 U.S.C. § 2, was not included in his indictment and that his counsel should have raised an objection as to the sufficiency of the indictment under Rule 12(B)(2). Bragg's argument is again misguided. An indictment is legally sufficient if it: "(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense. . . . Additionally, indictments are reviewed on a practical basis and in their entirety, rather than 'in a hypertechnical manner." *United States v. Miller*, 883 F.3d 998, 1002 (7th Cir. 2018) (internal citations removed). Further, an indictment need not separately charge the aiding and abetting offense. *United States v. Newman*, 755 F.3d 543, 545–46 (7th Cir. 2014). This is because aiding and abetting is a theory of liability, not a separate offense, and is implied in every charge. *United States v. Powell*, 652 F.3d 702, 708 (7th Cir. 2011); *United States v. Renner*, 238 F.3d 810, 814 (7th Cir. 2001) ("Every indictment implicitly includes an aiding and abetting charge; it is unnecessary for an indictment specifically to mention 18 U.S.C. § 2.").

Here, while it was unnecessary to cite to the aiding and abetting statute, 18 U.S.C. § 2, the superseding indictment *did* cite to it in each charge. *See* Superseding Indictment (d/e 24) (Count One charging "all in violation of Title 18, United States Code, Sections 1951(a) and 2"; Count Two charging ""all in violation of Title 18, United States Code, Sections 1951(a) and 2"; and Count Three charging "all in violation of Title 18, United States Code, Sections 924(c) and 2.") (emphasis added). With this citation included, the indictment refers to the exact language

that Bragg complains is missing. *See* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). Accordingly, Bragg's counsel would not have had a basis to challenge the indictment and was not ineffective for failing to file a frivolous motion.

Bragg also argues that the indictment "does not charge an offense against the United States" and that the indictment did not charge Bragg "under the penalty provision of paragraph (b) of title 18, on the firearm charges, and also section (2), the indictment did not include a proper *mens rea* to even charge a crime in this case." Motion (d/e 102) at 8. The Court is unable to discern Bragg's argument. If Bragg's argument relates to his mistaken belief regarding the required elements for his § 924(c) charge (Count Three), as addressed above, that argument is meritless.

### 3. Bragg Has Not Shown that a Bill of Particulars Was Necessary or that Any Non-Frivolous Pre-Trial Motions Could Have Been Filed.

Next, Bragg vaguely argues that his counsel should have moved for a bill of particulars and filed pre-trial motions. Turning first to the necessity of a bill of particulars, Federal Rule of Criminal Procedure 7(f) authorizes the court to order the filing of a bill of particulars to fill in facts in the indictment so that the defendant can prepare an adequate defense. *See United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). "The test for determining whether a bill of particulars should have been granted is similar to the test for determining the general sufficiency of the indictment." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). A bill of particulars is warranted if the indictment does not "'set[] forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.' An indictment which includes each of the elements of the offense charged, the time and place of

the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *Id.* (internal citations omitted). Bragg has not raised any non-frivolous challenges to the sufficiency of the indictment. Moreover, former defense counsel confirmed that the government provided full discovery to counsel prior to Bragg pleading guilty. *See* Affidavit of Nate Nieman (d/e 107-1) at ¶15. Bragg does not state what additional information would have been gleaned from receiving a bill of particulars, or how that information would have altered the outcome of his case. Accordingly, Bragg has not shown that counsel was ineffective for failing to move for a bill of particulars.

Bragg has also not provided any details as to what other pre-trial motions should have been filed. Without even suggesting other motions, the Court is unable to find counsel was either deficient or that Bragg was prejudiced. For example, if Bragg thought a motion to suppress needed to be filed, he would need to show that "there was both a reasonable probability that he would have prevailed on the motion to suppress and a reasonable probability that, if [the evidence] were suppressed, he would have been acquitted." *Bynum v. Lemmon*, 560 F.3d 678, 685 (7th Cir. 2009) (citing *Strickland*, 466 U.S. at 694); *Hicks v. Hepp*, 871 F.3d 513, 526 (7th Cir. 2017). *See also, United States v. Evans*, 92 F.3d 540, 544 (7th Cir. 1996) (counsel's refusal to make frivolous argument "can never be a ground for arguing ineffective assistance of counsel"). Vague claims about filing "motions" is insufficient to show ineffective assistance of counsel. This vague claim is further belied by his affirmation at the change of plea hearing that he was satisfied with his counsel's representation. *See Thompson v. United States*, 732 F.3d 826, 829-30 (7th Cir. 2013) (noting that the Court is generally permitted to rely on a defendant's representations at his plea hearing); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Accordingly, this claim of ineffective assistance is denied as well.

<u>4. Bragg's Counsel Was Not Ineffective for Failing to File an Appeal.</u>

Finally, Bragg states that his counsel should have filed an appeal to address the complex issues in his case. The Supreme Court, in *Garza v. Idaho*, 139 S. Ct. 738 (2019), held that counsel renders deficient performance by not filing a notice of appeal in light of their client's clear request, even in the face of an appeal waiver. *Id.* at 747. Moreover, *Garza* held that such deficient performance is presumptively prejudicial as long as the defendant can show that the deficient performance deprived him "of an appeal that he otherwise would have taken." *Id.* (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S. Ct. 1029 (2000)). Here, however, Bragg does not allege that he asked his counsel to file an appeal. His counsel has filed an affidavit stating that Bragg never mentioned filing appeal either before or after sentencing. *See* Nieman Aff. (d/e 107-1) at ¶16. Furthermore, as the Court has found all of Bragg's alleged grounds for appeal meritless, the Court cannot find that his counsel's conduct was deficient or prejudicial for failing to suggest that Bragg appeal.

## IV. EVIDENTIARY HEARING

An evidentiary hearing is not always necessary in § 2255 cases. *See Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). However, "[a] hearing is required unless the record conclusively shows that the movant is not entitled to relief." *Hicks v. United States*, 886 F.3d 648, 650 (7th Cir. 2018); 8 U.S.C. § 2255(b). Here, no hearing is necessary because Bragg has not sufficiently alleged material facts that, if true, would entitle him to relief on his ineffective assistance of counsel claims.

## V. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of

appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claims are procedurally barred and/or meritless. Accordingly, the Court declines to issue a certificate of appealability.

## VI.  CONCLUSION

For the reasons stated, the Court DENIES Petitioner Bragg's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (d/e 102). The Court DECLINES to issue a certificate of appealability. The Clerk is DIRECTED and enter the Judgment in favor of Respondent and close the accompanying civil case, 22-cv-4003. This case is CLOSED.


Signed on this 10th day of April 2023.

/s/ *Sara Darrow*
Sara Darrow
Chief United States District Judge